# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANK M. BENTON, JR.,

    Defendant.

Case No. 2:08-CR-156

JUDGE GREGORY L. FROST

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Indictment (Doc. # 32) and the Government's Response (Doc. # 37). For the reasons that follow, the Court **DENIES** Defendant's Motion to Dismiss Indictment.

## I. STATEMENT OF FACTS

On December 14, 2000, in Franklin County, Ohio, Defendant entered a plea of guilty to sexual battery. Sexual battery is a third degree felony. Ohio Rev. Code § 2707.03. Defendant was sentenced to one year incarceration. (Doc. # 1, Ralston Aff. ¶¶ 4, 6.) The Franklin County Common Pleas Court found Defendant to be a sexual predator and required Defendant to register as a sex offender for life pursuant to Ohio Rev. Code § 2950.09(B).

Anyone found to be a sexual predator under section 2950.09(B) is required to register under the Sex Offender Registration and Notification Act ("SORNA"). 18 U.S.C. § 2250. Due to the nature of the underlying sexually oriented offense, Defendant is required to register for life. (Doc. # 1, Ralston Aff. ¶ 7.) 42 U.S.C. § 16913(a) requires Defendant to register with the appropriate authorities in any locality in which he resides, works, or attends school.

1

On February 12, 2007, Defendant notified the authorities in Franklin County, Ohio that he intended to move to Corryton, Tennessee. (Doc. # 1, Ralston Aff. ¶ 8.) Defendant notified the appropriate authorities in Tennessee on February 20, 2007, that he resided in Corryton, Tennessee. (*Id.* ¶¶ 8-9.) Specifically, Defendant notified the Knox County Sheriff's office. At that time Defendant also signed a "Notification of Duty to Register as a Sex Offender" ("Notification"), which informed Defendant of his duty to register and the punishment for failure to do so under 18 U.S.C. § 2250. (Doc. #37, Ex. 6.) On October 23, 2007, Defendant notified the Tennessee authorities of his intent to return to Ohio. (Doc. # 1, Ralston Aff. ¶13.) Defendant failed to register with Ohio authorities when he returned to Ohio. Defendant was subsequently indicted for this failure to register pursuant to the dictates of SORNA.

On August 14, 2008, an Indictment was filed against Defendant, which charged:

> On or about October, 2007, in the Southern District of Ohio, Defendant FRANK M. BENTON, JR., a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce, specifically from Tennessee to Ohio and did knowingly fail to register.
> All in violation of 18 U.S.C. § 2250(a)[.]

(Doc. # 14.) A Superseding Indictment was then filed against Defendant on November 6, 2008 which reads:

> Sometime during the period in or about July, 2007, through October, 2007, in the Southern District of Ohio, Defendant FRANK M. BENTON, JR., a person required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce, specifically from Tennessee to Ohio and did knowingly fail to register as required in Ohio.
> All in violation of 18 U.S.C. § 2250(a)[.]

(Doc. # 34.)

Defendant now advances five arguments upon which he contends the Superseding

2

Indictment must be dismissed:[1] (1) the criminal statute of SORNA, 18 U.S.C. § 2250(a)(2)(B), violates the Commerce Clause; (2) the registration requirement of SORNA, 18 U.S.C. § 16913, also violates the Commerce Clause; (3) SORNA was not applicable to Defendant at the time of his alleged offense because Ohio had failed to fully implement the Act; (4) Defendant had no duty to register because the Government failed to notify him of such a duty as required by the statute; and (5) Congress improperly delegated the legislative function of determining the retroactivity of SORNA to the Attorney General in violation of the nondelegation doctrine. (DOC. # 32, at 2-3.) The Court will address these arguments in turn.

## II. Commerce Clause

*A. 18 U.S.C. § 2250(a)*

Defendant challenges the constitutionality of § 2250, which makes it a crime for certain persons to fail to register as sex offenders after traveling in interstate commerce. That statute states:

> (a) *In general.* –Whoever–
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

---

[1] Although Defendant's motion to dismiss was filed prior to the filing of the Superseding Indictment, the Court recognizes that Defendant seeks dismissal of the controlling indictment.

3

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

In short, this section provides that anyone who is (1) required to register under § 16913, (2) who travels in interstate commerce, and who (3) knowingly fails to register or update a registration as required by § 16913, shall be fined or imprisoned or both.

Pursuant to *United States v. Lopez*, 514 U.S. 549 (1995), there are "three broad categories of activity that Congress may regulate under its commerce power." *Id*. at 558. First, Congress may regulate the use of the channels of interstate commerce. *Id.* Second, Congress may "regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Id.* Third, Congress may regulate those activities having a substantial relation to interstate commerce, ...*i.e.*, those activities that substantially affect interstate commerce." *Id.* at 558-59 (citations omitted). Defendant contends that § 2250(a) cannot be upheld under Congress's power to regulate "people or things in interstate commerce" because the statute lacks a sufficient nexus between interstate travel and the criminal conduct. He further states that

> [u]nlike similar statutes, such as the Travel Act, 18 U.S.C. § 1952, which requires a defendant to travel in interstate commerce with the intent to commit certain prohibited acts, the travel element of Section 2250 does not require that the travel occur in connection with the defendant's failure to register. In other words, there is no requirement that the defendant travel in interstate commerce with the intent to violate Section 2250.

(Doc. # 32, at 13.) Defendant's argument is not well taken.

Section 2250(a) includes the "jurisdictional element" that requires a sex offender to travel in interstate commerce before criminal liability can be imposed. The

4

Government must prove that Defendant traveled in interstate commerce. 18 U.S.C. § 2250(a)(2)(B). Only those sex offenders who travel in interstate commerce and fail to register or to update their registration after crossing state lines are captured in § 2250's net.

It is irrelevant whether the activity complained of has a substantial effect on interstate commerce. This Court finds, in accordance with other courts, that the first and second prongs of *Lopez* are clearly met and that the statute passes constitutional muster despite on Defendant's first Commerce Clause argument. *United States v. Lawrance*, ___ F.3d ___, 2008 WL 5123846, at *5-6 (10th Cir. Dec. 8, 2008); *United States v. Hinckley*, ___ F.3d ___, 2008 WL 5146353, at *11-12 (10th Cir. Dec. 8, 2008); *United States v. May*, 535 F.3d 912, 921-22 (8th Cir. 2008). The Commerce Clause permits Congress to keep the channels of interstate commerce free from immoral and injurious uses. This Court holds that, as applied to Defendant and the allegations of this Indictment, there is a sufficient nexus between interstate travel and the criminal conduct thereby making 18 U.S.C. § 2250 a valid exercise of Congress' power under the Commerce Clause. The Court **DENIES** this aspect of the motion,

### *B. 42 U.S.C. § 16913*

Defendant also alleges that SORNA's registration requirement, 42 U.S.C. § 16913, cannot pass Constitutional muster. Pursuant to 42 U.S.C. § 16913, a sex offender is required to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). This registration requirement applies to all sex offenders, whether convicted under state or federal law. *See United States v. Trent*, 568 F. Supp. 2d 857,

860 n.1 (S.D. Ohio 2008).[2]

A number of other district courts have held that 42 U.S.C. § 16913 and 18 U.S.C. § 2250(a) should be treated "as interrelated components of the larger whole of SORNA sufficient to overcome any deficiencies when viewing § 16913 in isolation." *United States v. Van Buren*, No. 3:08-CR-198, 2008 WL 3414012 at *12 (N.D.N.Y Aug. 8, 2008); *see also United States v. Hann*, 574 F. Supp. 2d 827, 834-35 (M.D. Tenn 2008) (following the reasoning of *Van Buren*). Given that § 16913 is incorporated into the requirements of § 1250(a), the Court finds that these two statutes should not be read separately. When analyzed together, the jurisdictional requirement of interstate travel found in the criminal statute, § 2250(a), clearly brings § 16913 within the reach of the Commerce Clause.

This position is supported by *Gonzales v. Raich*, 545 U.S. 1 (2005). There, the Court found it important that the statute challenged by the respondents made up part of a larger regulatory scheme, concluding that it could not declare discrete portions of the statute void. It stated that "[a]s we have done many times before, we refuse to excise individual components of that larger scheme." *Id.* at 22. The Court contrasted the respondents' request with the challenges made in both *Lopez* and *Morrison*, wherein the parties asserted that the statutes challenged fell outside of Congress's authority in its entirety. It noted that "[t]his distinction is pivotal for we have often reiterated that

---

[2] As explained by Judge Rice in his opinion in *Trent*, a sex offender is defined as an individual who has been convicted of a sex offense. 42 U.S.C. § 16911(1). The term "sex offense" includes a criminal offense involving a sexual act or sexual conduct or certain conduct with a minor. 42 U.S.C. § 16911(5). Criminal offenses include state offenses. 42 U.S.C. 16911(6). Therefore, a person convicted of a state sex offense is required to register under SORNA. *Trent*, 568 F.Supp. 2d at 860 n.l.

'[w]here the class of activities is regulated and that class is within the reach of federal power, the courts have no power "to excise, as trivial, individual instances of the class."' *Id.* at 23. Defendant here asks this Court to do what the Supreme Court would not: excise a portion of a statute that is otherwise within the reach of the federal power. Defendant requests that this Court declare void portions of a larger and otherwise valid statutory scheme. This Court declines such an invitation and **DENIES** this aspect of the motion.

### III. Implementation

Defendant also argues for dismissal of the Superseding Indictment on the grounds that the state of Ohio had not implemented SORNA at the time of Defendant's alleged offense. Specifically, Defendant contends that SORNA remains inapplicable to him because the Attorney General has not promulgated regulation that applies SORNA to persons convicted of a sex offense before the law has been implemented by a particular state. Because Ohio did not pass its SORNA implementing legislation until January 1, 2008, after Defendant had already traveled in interstate commerce and failed to register in the state of Ohio, Defendant claims that SORNA is inapplicable to him. Before addressing this argument, the Court will briefly review the registration requirements set forth in that statute.

In 2006, Congress passed the Adam Walsh Child Protection and Safety Act, which includes SORNA 42 U.S.C. § 16901 *et. seq.* SORNA requires each state to maintain a database of sex offenders and for sex offenders to register with and regularly update their information in the database. Congress authorized the Attorney General to make SORNA retroactive, presumably to include sex offenders who were previously arrested, convicted, and released, but who were still required to update their information

with state agencies. 42 U.S.C. §§ 16901, 16913(d); *see also* 28 C.F.R. § 72. Part of the purpose of SORNA was also to establish a national registry of sex offenders, or a single database, *United States v. Aldrich*, No. 8:07CR158, 2008 WL 427483, at *2 (D. Neb. Feb. 14, 2008), rather than fifty individual databases across the United States that were not integrated or connected. *See* 42 U.S.C. § 16901.

Although SORNA will be fully implemented in Ohio as of January 1, 2009 (Doc. # 37, at 4), the Attorney General promulgated an interim rule on February 28, 2007 pursuant to the authority granted under § 16913(d). Section 16913 states in pertinent part:

> Registry requirements for sex offenders
> (a) In general
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
> . . .
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913. This statutory provision was enacted on July 27, 2006. The interim rule makes SORNA applicable "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3.

To support his claim that SORNA remains ineffective prior to jurisdictional implementation, Defendant sets forth two arguments. Defendant first argues that pursuant to 42 U.S.C. § 16913(d), the Attorney General was given "the authority to specify the retroactive applicability of SORNA to both (a) those who were 'convicted before July 27, 2006,' and (b) those who were 'convicted before . . . its implementation in a particular jurisdiction.'" (Doc. # 32, at 16 (quoting § 16913(d)).) Defendant argues that there is no authority for SORNA to apply to him because the Attorney General has not declared SORNA to apply to those convicted prior to implementation by a particular jurisdiction. Second, Defendant cites the Guidelines for Sexual Offender Registration and Notification ("SORNA Guidelines") to support his argument that SORNA is not effective in pre-implementation jurisdictions. The SORNA Guidelines were produced by the Attorney General's Office to "provide guidance and assistance to the states and other jurisdictions in incorporating the SORNA requirements into their sex offender registration and notification programs." 72 Fed. Reg. 30210-01 (May 30, 2007). Defendant contends that the SORNA Guidelines affirmatively indicate that SORNA is not effective prior to a particular jurisdiction's implementation of the Act.

Additionally, Defendant alleges that punishment for failure to register under SORNA before the law was applicable to him would violate the *Ex Post Facto* Clause of the United States Constitution and that punishing him for failure to register before the Act was implemented by the state of Ohio would violate the Due Process Clause of the United States Constitution because he was "unable" to register under SORNA prior to state implementation of the law. For the reasons that follow, the Court is unable to agree with Defendant's assertions that SORNA is not retroactively applicable to all sex

9

offenders until a state has passed SORNA implementing legislation. Therefore, the Court rejects the dismissal without addressing Defendant's contentions concerning the effective date of Ohio legislation, the *Ex Post Facto Clause*, or the Due Process Clause.

In support of his first argument, Defendant cites 42 U.S.C. § 16913(d), which authorizes the Attorney General to specify the applicability requirements of the subchapter at issue. Defendant claims that § 16913(d) of SORNA requires the Attorney General to specify the applicability of the SORNA requirements to sex offenders convicted *both* prior to the enactment of SORNA *and* the implementation of SORNA in a particular jurisdiction. (Doc. # 32, at 16.) This assertion simply misstates § 16913(d). Conversely, the Attorney General was vested with the authority to determine the applicability of SORNA to sex offenders convicted of sex offenses prior to the enactment of SORNA *or* the implementation of SORNA in a particular jurisdiction. *United States v. Hall*, 577 F. Supp. 2d 610, 615 (N.D.N.Y 2008). Despite Defendant's argument to the contrary, the Attorney General has specified that SORNA applies to sex offenders whose conviction of a sex offense predates the enactment of SORNA, regardless of whether a jurisdiction has implemented SORNA's requirements. *See* 28 C.F.R. § 72.3.

In support of his second argument, Defendant cites the SORNA Guidelines and claims that they affirmatively indicate that SORNA is ineffective prior to a jurisdiction's implementation of the Act. Specifically, Defendant cites the following passage with emphasis:

> With respect to sex offenders with pre-SORNA or pre-SORNA-implementation convictions who remain in the prisoner, supervision, or registered sex offender populations **at the time of implementation** . . . jurisdictions should endeavor to register them in conformity with SORNA as quickly as possible....

10

72 Fed. Reg. 30210-01, at 30228. The Court is compelled to conclude that this portion of the SORNA Guidelines does not render SORNA ineffective prior to state implementation of the Act. Additionally, the SORNA Guidelines also provide:

> As discussed in Part II.C of these Guidelines, SORNA applies to all sex offenders, including those convicted of their registration offenses prior to the enactment of SORNA or prior to particular jurisdictions' incorporation of the SORNA requirements into their programs.

72 Fed. Reg. 30210-01, at 30228.

Given that the SORNA Guidelines expressly state the SORNA applies to sex offenders prior to a jurisdiction's incorporation of SORNA requirements, this Court rejects Defendant's arguments that the Attorney General has indicated that SORNA is not effective prior to state implementation and that the SORNA Guidelines affirmatively indicate the same. Moreover, courts addressing this issue have overwhelmingly held that SORNA is effective and applicable prior to state implementation of SORNA requirements. *See United States v. Trent*, 568 F. Supp. 2d 857, 864 (S.D. Ohio 2008); *United States v. Ditomasso*, 552 F. Supp. 2d 233, 238-39 (D.R.I. 2008); *United States v. Gould*, 526 F. Supp. 2d 538, 542 (D. Md. 2007); *United States v. Robinson*, No. 1:08cr76, 2008 WL 3895597, at *2-3 (E.D. Va. Aug. 19, 2008); *United States v. Shenandoah*, 572 F. Supp. 2d 566, 578-79 (M.D. Pa. 2008). Therefore, this Court **DENIES** Defendant's Motion to Dismiss Indictment (Doc. # 32), as it relates to the proposition that SORNA did not apply to Defendant prior to Ohio's implementation of SORNA requirements.

### IV. Notice to Defendant

Defendant also argues that the Court must dismiss the Superseding Indictment on the grounds that Defendant had no duty to register under SORNA until notified of that obligation by the Attorney General. Defendant cites 42 U.S.C. § 16917, which requires the United States to affirmatively inform the sex offender of SORNA before any duty to register under the Act arises and which also directs the Attorney General to prescribe rules for notification of offenders whose sex offenses pre-date SORNA, who are no longer in custody, or who are awaiting sentencing on those offenses. Defendant contends that punishment for failure to register without proper notice of such duty is a violation of due process.

Defendant's notice argument is undercut by the fact that he in fact received notice. The Government has presented the notification document that is purportedly signed by Defendant. Defendant signed the notification in February 2007, when he moved to Tennessee. The notification informed Defendant of his duty to register and the criminal penalties that may be imposed if he failed to register pursuant to the requirements of 18 U.S.C. § 2250. Defendant has not denied receiving this notice. The Court **DENIES** Defendant's Motion to Dismiss Indictment as it relates to the notice argument.

## V. Nondelegation Doctrine

Finally, Defendant argues in the alternative that SORNA violates the nondelegation doctrine and is unconstitutional. Specifically, Defendant states that §

16913(d) grants the Attorney General unbridled discretion in deciding who will retroactively be affected by SORNA  Defendant lacks standing to raise this argument.

Because Defendant was not a person unable to register before SORNA's enactment, the authority granted to the Attorney General pursuant to § 16913(d) to promulgate rules regarding the applicability of the statute to persons unable to register prior to the enactment of SORNA does not apply to Defendant. Defendant therefore lacks standing to raise this challenge. *See United States v. Hays*, 515 U.S. 737, 742-43 (1995) (outlining the minimum requirements to establish standing); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008). The argument based upon the nondelegation doctrine is **DENIED**.

## VI.  CONCLUSION

Defendant's arguments challenging the constitutionality of SORNA are without merit. The Court there **DENIES** Defendant's Motion to Dismiss Indictment. (Doc. # 32.)

**IT IS SO ORDERED**.

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE